### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| David Coyne, on behalf of himself and all others similarly situated, | Court No.: |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| Midland Funding LLC, Midland Credit Management, Inc., and Messerli & Kramer P.A. | |
| Defendants. | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2.    David Coyne ("Coyne"), through his attorneys, brings this action to challenge the actions of Midland Funding LLC ("Funding"), Midland Credit Management, Inc. ("Management"), and Messerli & Kramer P.A. ("Messerli"), collectively, "Defendants," with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Coyne, and this conduct caused Coyne damages.

3.    Coyne makes these allegations on information and belief, with the exception of those allegations that pertain to a Coyne, which Coyne alleges on personal knowledge.

4.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.    Unless otherwise stated, all the conduct engaged in by Defendants took place in Minnesota.

6.    Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7.    Through this complaint, Coyne does not allege that any state court judgment was entered against anyone in error, and Coyne does not seek to reverse or modify any judgment of any state court.

**JURISDICTION AND VENUE**

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k).

9.  This action arises out of Defendants' violations of the FDCPA.

10. Because Defendants do business within the State of Minnesota, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of Minnesota and the violations alleged occurred in the State of Minnesota.

**PARTIES**

13. Coyne is a natural person who resides in the City of Saint Paul, State of Minnesota.

14. Funding is located in the City of San Diego, State of California.

15. Management is located in the City of San Diego, State of California.

16. Messerli is located in the City of Plymouth, in the State of Minnesota.

17. Coyne is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

18. All defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## RESPONDEAT SUPERIOR LIABILITY

19. The acts and omissions of the individual employees and agents of Defendants, and the other debt collectors employed as agents by Funding who communicated with Coyne as described herein, were committed within the time and space limits of their agency relationship with their principal, Funding.

20. The acts and omissions by Messerli were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Funding in collecting consumer debts.

21. The acts and omissions by Management were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Funding in collecting consumer debts.

22. By committing these acts and omissions against Coyne, Messerli was motivated to benefit its principal, Funding.

23. By committing these acts and omissions against Coyne, Management was motivated to benefit its principal, Funding.

24. Particularly, Funding is liable for the acts and omissions of Messerli as Messerli was motivated to benefit its principal.

25. Particularly, Funding is liable for the acts and omissions of Management as Management was motivated to benefit its principal.

26.  Funding is therefore liable to Coyne through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal and state law by its collection agents, including, but not limited to violations of the FDCPA in their attempts to collect this debt from Coyne.

## FACTUAL ALLEGATIONS

27.  Sometime before February 26, 2016, Coyne is alleged to have incurred certain financial obligations in the amount of $13,205.30 with Citibank USA, N.A. and/or Citibank (South Dakota), N.A. ("the Debt") related to the purchase of consumer goods for personal use.

28.  These financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

29.  Subsequently, but prior to February 26, 2016, Funding purchased the Debt.

30.  Coyne has never contracted with Funding for this or any matter.

31.  Coyne has never contracted with Messerli for this or any matter.

32.  Coyne has never contracted with Management for this or any matter.

33.  As of the date of this Complaint, Funding has not filed a lawsuit against Coyne.

34.  As of the date of this Complaint, Funding has not prevailed in a lawsuit against Coyne.

### *The Letter from Messerli & Kramer P.A.*

35.  On or after February 26, 2016, Messerli sent Plaintiff a letter (hereinafter the "Messerli Letter").

36.  A true and correct copy of the Messerli Letter is attached to this Complaint as Exhibit A.

37.  The Messerli Letter was sent on behalf of Funding to collect debt allegedly held by Funding.

38.  The Messerli Letter states "Original Creditor: Citibank USA, N.A[.]"

39.  The Messerli Letter does not state the original creditor was in fact Citibank (South Dakota), N.A.

40.  By stating the incorrect "Original Creditor", Funding and/or Messerli used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Funding and/or Messerli violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

41.  The Messerli Letter states "Current Balance: $17,230.29."

42.  The Messerli Letter states, "The account balance of $17,230.29 consists of the principal balance of $13,205.30 and interest of $3,871.39 at the interest rate of 6.00 % plus incurred costs of $153.60."

43.  Through the Messerli Letter, Messerli and/or Funding attempted to collect $4,024.99 that it had no right to collect.

44. As of the date of the Messerli Letter, Funding had not filed a lawsuit against Coyne.

45. As of the date of the Messerli Letter, Funding had not prevailed in a lawsuit against Plaintiff.

46. As of the date of the Messerli Letter, no court had awarded Messerli any litigation costs, expenses, or interest.

47. As of the date of the Messerli Letter, no court had awarded Funding any litigation costs, expenses, or interest.

*Collection of Costs*

48. As of the date of the Messerli Letter, Messerli, did not disclose what the additional "incurred costs" related to as claimed in the Messerli Letter.

49. By attempting to collect undisclosed costs through the Messerli Letter, Messerli used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Messerli violated 15 U.S.C. § 1692f.

50. By attempting to collect undisclosed costs through the Messerli Letter, Messerli made a false representation concerning the character, amount, or legal status of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e(2)(A).

51. As of the date of the Messerli Letter, Funding did not disclose what the additional "incurred costs" related to as claimed in the Messerli Letter.

52. By attempting to collect undisclosed costs through the Messerli Letter, Funding used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Funding violated 15 U.S.C. § 1692f.

53. By attempting to collect undisclosed costs through the Messerli Letter, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

54. As of the date of the Messerli Letter, Coyne did not owe Messerli "costs of $153.60[.]"

55. By attempting to collect costs of $153.60 through the Messerli Letter, Messerli used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

56. By attempting to collect costs of $153.60 through the Messerli Letter, Messerli made a false representation concerning the character, amount, or legal status of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e(2)(A).

57. By attempting to collect costs of $153.60 through the Messerli Letter, Messerli made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e(2)(B).

58. By attempting to collect costs of $153.60 through the Messerli Letter, Messerli threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Messerli violated 15 U.S.C. § 1692e(5).

59. By attempting to collect costs of $153.60 through the Messerli Letter, Messerli used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Messerli violated 15 U.S.C. § 1692f.

60. By attempting to collect costs of $153.60 through the Messerli Letter, Messerli was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Messerli violated 15 U.S.C. § 1692f(1).

61. As of the date of the Messerli Letter, Coyne did not owe Funding "costs of $153.60[.]"

62. By attempting to collect costs of $153.60 through the Messerli Letter, Funding used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

63. By attempting to collect costs of $153.60 through the Messerli Letter, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

64.  By attempting to collect costs of $153.60 through the Messerli Letter, Funding made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(B).

65.  By attempting to collect costs of $153.60 through the Messerli Letter, Funding threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Funding violated 15 U.S.C. § 1692e(5).

66.  By attempting to collect costs of $153.60 through the Messerli Letter, Funding used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Funding violated 15 U.S.C. § 1692f.

67.  By attempting to collect costs of $153.60 through the Messerli Letter, Funding was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Funding violated 15 U.S.C. § 1692f(1).

*Collection of Interest*

68.  As of the date of the Messerli Letter, Messerli did not disclose the time period from which the interest at 6.00% accrued.

69.  By attempting to collect interest through the Messerli Letter without providing the time period from which the interest at 6.00% accrued, Messerli

used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Messerli violated 15 U.S.C. § 1692f.

70. By attempting to collect interest through the Messerli Letter without providing the time period from which the interest at 6.00% accrued, Messerli made a false representation concerning the character, amount, or legal status of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e(2)(A).

71. As of the date of the Messerli Letter, Funding did not disclose the time period from which the interest at 6.00% was assessed.

72. By attempting to collect interest through the Messerli Letter without providing the time period from which the interest at 6.00% accrued, Funding used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Funding violated 15 U.S.C. § 1692f.

73. By attempting to collect interest through the Messerli Letter without providing the time period from which the interest at 6.00% accrued, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

74. As of the date of the Messerli Letter, "interest of $3,871.39" was not owed to Funding by Coyne.

75. By attempting to collect interest of $3,871.39 through the Messerli Letter, Messerli used a false, deceptive, or misleading representation or means in

connection with the collection of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

76. By attempting to collect interest of $3,871.39 through the Messerli Letter, Messerli made a false representation concerning the character, amount, or legal status of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e(2)(A).

77. By attempting to collect interest of $3,871.39 through the Messerli Letter, Messerli made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Messerli violated 15 U.S.C. § 1692e(2)(B).

78. By attempting to collect interest of $3,871.39 through the Messerli Letter, Messerli threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Messerli violated 15 U.S.C. § 1692e(5).

79. By attempting to collect interest of $3,871.39 through the Messerli Letter, Messerli used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Messerli violated 15 U.S.C. § 1692f.

80. By attempting to collect interest of $3,871.39 through the Messerli Letter, Messerli was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Messerli violated 15 U.S.C. § 1692f(1).

81. By attempting to collect interest of $3,871.39 through the Messerli Letter, Funding used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

82. By attempting to collect interest of $3,871.39 through the Messerli Letter, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

83. By attempting to collect interest of $3,871.39 through the Messerli Letter, Funding made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(B).

84. By attempting to collect interest of $3,871.39 through the Messerli Letter, Funding threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Funding violated 15 U.S.C. § 1692e(5).

85. By attempting to collect interest of $3,871.39 through the Messerli Letter, Funding used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Funding violated 15 U.S.C. § 1692f.

86. By attempting to collect interest of $3,871.39 through the Messerli Letter, Funding was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not

expressly authorized by the agreement creating the debt or permitted by law. Consequently, Funding violated 15 U.S.C. § 1692f(1).

### The First Letter from Midland Credit Management, Inc.

87. On or after September 28, 2016, Management sent Plaintiff a letter (hereinafter the "Management Letter #1").

88. A true and correct copy of the Management Letter #1 is attached to this Complaint as Exhibit B.

89. The Management Letter #1 was sent on behalf of Funding to collect debt allegedly held by Funding.

90. The Management Letter #1 states that the "Original Creditor" is "Citibank (South Dakota), N.A."

91. The Management Letter #1 states a different original creditor than the Messerli Letter.

92. The Management Letter #1 states on the front of the letter that the "Current Balance" is "$13,420.13[.]"

93. The Management Letter #1 states on the back of the letter that the "Principle Balance: $13,205.30" and "MCM Interest  Balance: $214.83" equal a "Current Balance: $13,420.13[.]"

94. As of the date of the Management Letter #1, Management did not disclose the time period from which the "MCM Interest Balance" accrued.

95. By attempting to collect interest through the Management Letter #1 without providing the time period from which the interest accrued, Management used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Management violated 15 U.S.C. § 1692f.

96. By attempting to collect interest through the Management Letter #1 without providing the time period from which the interest accrued, Management made a false representation concerning the character, amount, or legal status of a debt. Consequently, Management violated 15 U.S.C. § 1692e(2)(A).

97. By attempting to collect interest through the Management Letter #1 without providing the time period from which the interest accrued, Funding used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Funding violated 15 U.S.C. § 1692f.

98. By attempting to collect interest through the Management Letter #1 without providing the time period from which the interest accrued, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

99. As of the date of the Management Letter #1, Funding had not filed a lawsuit against Coyne.

100. As of the date of the Management Letter #1, Funding had not prevailed in a lawsuit against Plaintiff.

101. As of the date of the Management Letter #1, Funding could not sue Coyne in an effort to collect the alleged debt, since the statute of limitations had run.

102. Thus, as of the date of the Management Letter #1, Coyne did not owe "MCM Interest" of "$214.83" to Funding or Management.

103. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Management used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Management violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

104. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Management made a false representation concerning the character, amount, or legal status of a debt. Consequently, Management violated 15 U.S.C. § 1692e(2)(A).

105. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Management made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Management violated 15 U.S.C. § 1692e(2)(B).

106. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Management threatened to take action that cannot

legally be taken or that is not intended to be taken. Consequently, Management violated 15 U.S.C. § 1692e(5).

107. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Management used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Management violated 15 U.S.C. § 1692f.

108. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Management was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Management violated 15 U.S.C. § 1692f(1).

109. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Funding used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

110. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

111. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Funding made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(B).

112. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Funding threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Funding violated 15 U.S.C. § 1692e(5).

113. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Funding used an unfair or unconscionable means to collect or attempt to collect any debt.   Consequently, Funding violated 15 U.S.C. § 1692f.

114. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #1, Funding was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Funding violated 15 U.S.C. § 1692f(1).

### *The Second Letter from Midland Credit Management, Inc.*

115. On or after November 10, 2016, Management sent Plaintiff a second letter (hereinafter the "Management Letter #2").

116. A true and correct copy of the Management Letter #2 is attached to this Complaint as Exhibit C.

117. The Management Letter #2 was sent on behalf of Funding to collect debt allegedly held by Funding.

118. The Management Letter #2 states that the "Original Creditor" is "Citibank (South Dakota), N.A."

119. The Management Letter #2 states a different original creditor than the Messerli Letter.

120. The Management Letter #2 states on the front of the letter that the "Current Balance" is "$13,420.13[.]"

121. The Management Letter #2 states on the back of the letter that the "Principle Balance: $13,205.30" and "MCM Interest  Balance: $214.83" equal a "Current Balance: $13,420.13[.]"

122. As of the date of the Management Letter #2, Management did not disclose the time period from which the "MCM Interest Balance" accrued.

123. By attempting to collect interest through the Management Letter #2 without providing the time period from which the interest accrued, Management used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Management violated 15 U.S.C. § 1692f.

124. By attempting to collect interest through the Management Letter #2 without providing the time period from which the interest accrued, Management

made a false representation concerning the character, amount, or legal status of a debt. Consequently, Management violated 15 U.S.C. § 1692e(2)(A).

125. By attempting to collect interest through the Management Letter #2 without providing the time period from which the interest accrued, Funding used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Funding violated 15 U.S.C. § 1692f.

126. By attempting to collect interest through the Management Letter #2 without providing the time period from which the interest accrued, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

127. As of the date of the Management Letter #2, Funding had not filed a lawsuit against Coyne.

128. As of the date of the Management Letter #2, Funding had not prevailed in a lawsuit against Plaintiff.

129. As of the date of the Management Letter #2, Funding could not sue Coyne in an effort to collect the alleged debt, since the statute of limitations had run.

130. Thus, as of the date of the Management Letter #2, Coyne did not owe "MCM Interest" of "$214.83" to Funding or Management.

131. Thus, as of the date of the Management Letter #2, Coyne's "Current Balance" was not "$13,420.13[.]"

132. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Management used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Management violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

133. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Management made a false representation concerning the character, amount, or legal status of a debt. Consequently, Management violated 15 U.S.C. § 1692e(2)(A).

134. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Management made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Management violated 15 U.S.C. § 1692e(2)(B).

135. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Management threatened to take action that cannot legally be taken or that is not intended to be taken.    Consequently, Management violated 15 U.S.C. § 1692e(5).

136. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Management used an unfair or unconscionable means

to collect or attempt to collect any debt.  Consequently, Management violated 15 U.S.C. § 1692f.

137. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Management was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Management violated 15 U.S.C. § 1692f(1).

138. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Funding used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

139. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Funding made a false representation concerning the character, amount, or legal status of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(A).

140. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Funding made a false representation of a service rendered or compensation which may be lawfully received concerning the collection of a debt. Consequently, Funding violated 15 U.S.C. § 1692e(2)(B).

141. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Funding threatened to take action that cannot legally

be taken or that is not intended to be taken. Consequently, Funding violated 15 U.S.C. § 1692e(5).

142. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Funding used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Funding violated 15 U.S.C. § 1692f.

143. By attempting to collect "MCM Interest" of "$214.83" through the Management Letter #2, Funding was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Funding violated 15 U.S.C. § 1692f(1).

### *Damages*

144. Defendants infringed upon Coyne's rights proscribed by Congress to not be subject to abusive, illegal and unfair debt collection practices.

145. Defendants caused an invasion of Coyne's privacy by suing him for interest and/or costs that Coyne did not owe and/or could not be legally collected.

146. Defendants caused Coyne emotional distress and embarrassment by attempting to collect interest and/or costs that Coyne did not owe and/or could not be legally collected.

147. Defendants intimidated and harassed Coyne in attempting to collect interest and/or costs that Coyne did not owe and/or could not be legally collected.

## CAUSES OF ACTION

## CLASS ACTION ALLEGATIONS

148. Coyne brings this action on his own behalf, and on behalf of all other consumers similarly situated in Minnesota.

149. The proposed classes that Plaintiff seeks to represent are defined as follows:

(i)     all persons with addresses within the state of Minnesota; (ii) who were sent a written communication by Messerli which was similar to Plaintiff's Exhibit A; (iii) to recover a consumer debt; (iv) in which Defendants seek to collect costs and/or interest not provided for by law or contract; (v) and which were not returned undelivered by the United States Postal Service.

(ii)    all persons with addresses within the state of Minnesota; (ii) who were sent a written communication by Management which was similar to Plaintiff's Exhibit B and/or Plaintiff's Exhibit C; (iii) to recover a consumer debt; (iv) in which Defendants seek to collect costs and/or interest not provided for by law or contract; (v) and which were not returned undelivered by the United States Postal Service.

150. For purposes of this claim for relief, the class periods are one year prior to the filing of this Complaint.

151. The classes here are composed of hundreds of persons, if not more, the joinder of which would be impractical. The individual identities of the individual members for each class are ascertainable through Defendants' records or by public notice.

152. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the classes. The questions of law and fact

common to the class predominate over questions affecting only individual class members, and include, but are not limited to, the following:

A)   Whether Defendants violated the FDCPA, and in particular, 15 U.S.C. §§ 1692e, 1992e(10), 1692e(2)(A), 1692e(2)(B), 1692f, and 1792f(1);

B)   Whether members of the classes are entitled to the remedies under the FDCPA;

C)   Whether members of the classes are entitled to declaratory relief;

D)   Whether members of the classes are entitled to injunctive relief;

E)   Whether members of the classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

F)   Whether the classes are entitled to any other remedies.

153.  Coyne will fairly and adequately protect the interests of the classes.

154.  Coyne has retained counsel experienced in handling class claims as well as claims involving unlawful collection practices.

155.  Coyne's claims are typical of the claims of the classes, which all arise from the same operative facts involving unlawful collection practices.

156.  Class actions are a superior method for the fair and efficient adjudication of this controversy.

157.  Class-wide damages are essential to induce Defendants to comply with federal law for both of the classes.

158. The interest of class members for both of the classes in individually controlling the prosecution of separate claims against Coyne is small because the maximum statutory damages in an individual FDCPA action is $1,000.00. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, e.g. securities fraud.

159. Defendants have acted on grounds generally applicable to the classes, thereby making appropriate final declaratory relief with respect to each class as a whole.

160. Coyne requests certification of a hybrid class for each of the classes, combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

161. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

162. As a result of each and every violation of the FDCPA, Coyne is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants, jointly and severally.

**PRAYER FOR RELIEF**

WHEREFORE, Coyne prays that judgment be entered against Defendants, and Coyne be awarded damages from Defendants, as follows, jointly and severally:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3).

**JURY DEMAND**

163. Pursuant to the seventh amendment to the Constitution of the United States of America, Coyne is entitled to, and demands, a trial by jury.

**HYDE & SWIGART**

Date: February 17, 2016          By: /s/ Anthony P. Chester
                                  Anthony P. Chester
                                  Attorney Number: 0396929
                                  Robert L. Hyde
                                  Attorney Number: 035109X
                                  **HYDE & SWIGART**
                                  120 South 6th Street, Suite 2050
                                  Minneapolis, MN 55402
                                  Telephone:  (952) 225-5333
                                  Facsimile:   (800) 635-6425
                                  Email: tony@westcoastlitigation.com

                                  *Attorneys for David Coyne*